**Form 3015-1 - Chapter 13 Plan**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN**

In re:                                                                Dated: December 8, 2010

Jeremy Fern
xxx-xx-8776

Melanie Fern
xxx-xx-1714

Debtor                                                                Case No.

1. **DEBTOR'S PAYMENTS TO TRUSTEE:**
   a. As of the date of this plan, the debtor has paid the Trustee: $ 00
   b   After the date of this plan, the debtor will pay the Trustee:  $813.00  per month for 60  Months, beginning within 30 days after the order for relief for a total of: $48,780.00.  The minimum plan length is 60  months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the Trustee:
   d. The debtor will pay the Trustee a total of :$$48,780.00(Line 1 (a) plus line 1 (b) plus line 1 (c).)

2. **PAYMENTS BY TRUSTEE**
   The Trustee will pay from available funds only creditors for which proofs of claim have been filed.  The Trustee may collect a fee of up to 10 percent of plan payments, or $ 4,878.00, (line 1 (d) times 10).

3. **ADEQUATE PROTECTION PAYMENTS ( §1326(a)(1)(c)**
   The Trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).
   Ford Motor Credit:         $100.00 per month for three months:         $300.00
   US Bank                    $ 50.00 per month for three months:         $150.00
   Total:                                                                 $450.00

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES ( §365)**
   The debtor assumes the following executory contracts or unexpired leases.  Cure provisions, if any, are set forth in paragraph 7.

5. **CLAIMS NOT IN DEFAULT**
   Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens, if any.

   *Creditor*                      *Description of Claim*

**6. HOME MORTGAGES IN DEFAULT (§1322 (b)(5) AND § 1322 (e))**
The Trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence.  The debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens.  *All following entries are estimates.*  The Trustee will pay the actual amounts of default.

| Creditor | Amount of Defaults | Monthly Payment | Beginning in month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

**7. CLAIMS IN DEFAULT (§1322 (b)(3) and (5) and § 1322 (e))**
The Trustee will cure defaults on the following claims as set forth below.  The debtor will pay the payments that come due after the date the petition was filed directly to the creditors.  The creditors will retain liens, if any.  *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. Rate (if appl.) | Monthly Payment | Beginning in month # | Number of Payments | TOTAL\ PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS (§1325(a)(5)).**
The Trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below.  The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.  NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITORS ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning Month | Payment | (Monthly Payments | X Number On Account | = Payments | + Adequate+ Protection | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| Ford Credit | 15,478.00 | 15,478.00 | %6.0 | 4 | $314.98 | x | 57= | 17,954.00 | + 300= | $18,254.00 |
| US Bank | 8,288.00 | 8,288.00 | %6.0 | 4 | $168.67 | x | 57= | 9,614.00 | + 150= | $ 9.764.00 |
| TOTAL: | | | | | | | | | | $28,018.00 |

**9. PRIORITY CLAIMS**
The Trustee will pay in full all claims entitled to priority under **§** 507, including the following.  *The amounts listed are estimates*.  The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning Month | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Atty Fees | 1,774.00 | 591.33 | 1 | 3 | 1,774.00 |
| TOTAL | | | | | 1,774.00 |

10. SEPARATE CLASSES OF UNSECURED CREDITORS
   In addition to the classes of unsecured creditors specified in paragraph 11, there shall be separate classes of non-priority unsecured creditors described as follows:
   The Trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate | Claim Amount | Monthly Payment | Beginning Month | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

11. TIMELY FILED UNSECURED CREDITORS----The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraph 2,3,6,7,8, 9, and 10 (c).$14,110.00
a. The debtor estimates that the total unsecured claims held by creditors listed in para. 8 are $: 0.0
b. The debtor est. that the debtor's total unsecured claims (exclude those in para. 8 and 10) $47,903.00
c. Total estimated unsecured claims are $47,903.00      (Line 11(a) + line 11(b) ).

**12.  TARDILY-FILED UNSECURED CREDITORS**
   All money paid by the debtor to the Trustee under paragraph 1, but not distributed by the Trustee under paragraph 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders or nonpriority unsecured claims for which proofs of claim were tardily filed.

**13.  OTHER PROVISIONS**
   The Trustee may distribute additional sums not expressly provided for herein at the Trustee's discretion.
   Debtors will surrender the 2005 Polaris Snowmobile to HSBC/ Polaris. Any deficiency following the sale of the HSBC/ Polaris snowmobile will be treated as a general unsecured claim.
   Debtors will surrender the homestead located at 19479 118th Street, Big Lake, Minnesota
   The HSBC Mortgage claim relative to the homestead located at 19479 118th Street, Big Lake, Minnesota, will be satisfied in full from the foreclosure sale proceeds.
   Debtors will be permitted monthly rental payments of $2,100.00 for a home.

**14.  SUMMARY OF PAYMENTS**

| | |
|---|---|
| Trustee Fee (Line 2) | $ 4,878.00 |
| Home Mortgage Defaults (Line 6(d)) | $ |
| Claims in Default (Line 7 (d)) | $ |
| Other Secured Claims (Line 8 (d)) | $28,018.00 |
| Priority Claims (Line 9 (d)) | $ 1,774.00 |
| Separate Classes (Line 10 (c)) | $ |
| Unsecured Creditors (Line 11) | $14,110.00 |
| **TOTAL** (must equal Line 1(d) | $48,780.00 |

Stuart E. Gale
Steven M. Gale                                           Signed: //e//Jeremy Fern
**The Gale Law Firm**                                    Debtor
9301 Bryant Avenue South, Suite 101
Bloomington, MN 55420                                    Signed: //e//Melanie Fern
                                                         Joint Debtor